Cecil JONES, Appellant,

v.

Robert J. DOWNEY, Appellee.

No. 13924.

Court of Civil Appeals of Texas.

San Antonio.

May 23, 1962.

Rehearing Denied June 20, 1962.

Reid & Taylor, San Antonio, for appellant.

Hobart Huson, Jr., San Antonio, for appellee.

MURRAY, Chief Justice.

This is a rear-end automobile collision case. On or about June 11, 1960, at approx-

imately 8:25 A.M., Cecil Jones was driving south on Acme Road in Bexar County, Texas, and when he arrived at the intersection of Acme Road and Ardmore Street he intended to make a left turn to the east on Ardmore Street, but because there was traffic going north on Acme Road, which prevented him from turning into Ardmore Street, he stopped and immediately his automobile was struck from the rear by an automobile driven by Robert J. Downey, traveling south on Acme Road.

The jury found that Downey (1) failed to keep a proper lookout, (5) failed to apply his brakes, and (8) could have avoided striking the Jones automobile by turning to his right, and that each of the above acts constituted negligence and a proximate cause of the collision.

The jury also found that Cecil Jones (11) failed to keep a proper lookout, (13) failed to give an appropriate signal of his intention to turn to the left, and (15) failed to give an appropriate signal of his intention to stop on the paved portion of the roadway, and that each such failure was a proximate cause of the collision. The court rendered judgment that plaintiff, Cecil Jones, take nothing, from which judgment he has prosecuted this appeal.

■ Appellant's first point is that the court erred in not disregarding the answers of the jury to Special Issues Nos. 11 and 12, relating to the failure of appellant to keep a proper lookout to his rear. We are aware of the line of decisions holding that ordinarily a motorist is not required to keep a lookout for traffic approaching from his rear. Solana v. Hill, Tex.Civ.App., 348 S. W.2d 481; Kuykendall v. Doose, Tex.Civ. App., 260 S.W.2d 435; Bass v. Stockton, Tex.Civ.App., 236 S.W.2d 229; Caraway v. Behrendt, Tex.Civ.App., 224 S.W.2d 512; Lesage v. Smith, Tex.Civ.App., 145 S.W.2d 308; 7 Tex.Jur.2d, Automobiles, § 95, p. 430. However, where a motorist is traveling upon a paved highway and is preparing stop, slow down or change directions, he is required to keep a lookout for traffic to his

rear, and to give proper signals of his intentions. The rule is well stated in 7 Tex. Jur.2d § 262, p. 632, as follows:

"The duty of maintaining a proper lookout that is placed on operators of motor vehicles on the highways concerns vehicles in front of the motorist, not those approaching from behind, in the absence of some particular fact that calls the attention of the driver of the front car to the vehicle following and that would impose some duty on the front driver to maintain such a lookout, or unless the driver of the front car either slows his vehicle or intends to stop it. Under such circumstances, it is the driver's duty to keep a proper lookout for vehicles following him and to give them a proper signal of his intention to slow down or to stop."

Many annotations on stopping or slowing automobiles, which largely uphold the above quoted text, are found in 29 A.L.R.2d, pp. 10 to 100.

This matter is largely controlled in this State by the Uniform Act Regulating Traffic on Highways, Art. 6701d, §§ 68, 69 and 70, Vernon's Tex.Civ.Stats., and the Law of the Road, Art. 801, § (K), Penal Code. Said section (K) reading as follows:

"The person in charge of any vehicle upon any public highway before turning, stopping or changing the course of such vehicle shall see first that there is sufficient space for such movement to be made in safety, and if the movement or operation of other vehicles may reasonably be affected by such turning, stopping or changing of course, shall give plainly visible or audible signal to the person operating, driving or in charge of such vehicle of his intentions so to turn, stop or change said course."

■■ It is undisputed here that appellant intended to slow down and make a left turn into Ardmore Street, and that he did in fact stop, at which time he was struck from the rear by a car driven by appellee. Un-

der such circumstances he was under the duty to keep a lookout to his rear. He was under no compulsion to stop, he could have continued in the direction in which he was going and avoided being struck in the rear, if he had kept a proper lookout to his rear. His own testimony is so confusing and contradictory as to support the finding of the jury to the effect that he did not keep a proper lookout, and that such failure was a proximate cause of the collision. The trial court did not err in refusing to disregard the finding of the jury with respect to Special Issues Nos. 11 and 12, inquiring whether appellant failed to keep a proper lookout, and if such failure was a proximate cause of the collision.

█ Appellant next contends that the court erred in overruling his motion for judgment non obstante veredicto, "in that the Court should have disregarded the findings of the jury with respect to Special Issues Nos. 13, 14, 15 and 16, inquiring into whether or not Plaintiff had given a left turn signal and a stop signal, because such answers find no support in the evidence." Appellant intended to make a left turn but finally stopped because traffic approaching him from the opposite direction on Acme Road prevented his making such a turn. The evidence is conflicting as to whether or not he gave the signals required of him under the circumstances, by Art. 801, § (K), Tex.Penal Code, and Art. 6701d, §§ 68, 69 and 70, Vernon's Ann.Civ.Stats. See also, Airline Motor Coaches v. Guidry, Tex. Civ.App., 241 S.W.2d 203.

█ Where there is any evidence of probative force to sustain the jury finding it should not be disregarded upon a motion for judgment non obstante veredicto. Rule 301, Texas Rules Civil Procedure; Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194; Lee v. Grupe, Tex.Civ.App., 223 S.W.2d 548; Womack v. Womack, Tex.Civ.App., 218 S.W.2d 1007; Goree v. Hansen, Tex. Civ.App., 214 S.W.2d 824; Self v. Becker, Tex.Civ.App., 195 S.W.2d 701.

█ Appellant next contends that the jury's answers to Special Issues Nos. 14, 15, 16 and 17 are against the overwhelming weight and preponderance of the evidence. We overrule this contention. Appellant himself testified that he put his *hand* out the window. Art. 6701d, § 70, requires that where hand signals are used, the sign for a left turn is hand and arm extended horizontally, and for a stop or decrease speed is *hand and arm* extended downward. Appellee testified that he never saw any arm signals given. From an examination of all the evidence we find that the findings of the jury that appellant failed to give a proper warning sign of his intention to turn left and to stop are supported by the evidence and are not contrary to the great weight and preponderance of the evidence.

█ The trial court did not submit to the jury the questions as to whether appellant's failure to keep a proper lookout to his rear, and his failure to give a proper signal of his intention to make a left turn and to stop would constitute negligence. Appellant assigns this as error. We do not agree. Appellant does not show that he excepted to the court's charge for not submitting these issues, or that he requested proper issues. Under the provisions of Rule 279, T.R.C.P., it will be presumed that the court made findings on such omitted issues as to support the judgment rendered.

The judgment is affirmed.