Howard RILES et al., Appellants,

v.

Henry Carl REICHARDT et ux., Appellees.

No. 14070.

Court of Civil Appeals of Texas.

Houston.

April 4, 1963.

Jim S. Phelps, Houston, for appellants.

Talbert, Giessel, Cutherell & Barnett, Henry P. Giessel, Houston, for appellees.

WERLEIN, Justice.

Appellants brought this suit to recover damages on account of personal injuries allegedly sustained by them at about 8:45 o'clock a. m. on April 1, 1959 when the ¾ ton Dodge truck in which they were riding

was struck from the rear by appellees' Mercury driven by appellee, Mrs. Reichardt. They appeal from a take-nothing judgment rendered by the court upon the jury verdict. The evidence shows that for a distance of approximately four blocks the Mercury driven by Mrs. Reichardt had been following the truck in an easterly direction on Little York Road, a black-topped two-lane road about 20 feet wide, and that both vehicles were traveling between 30 and 35 miles per hour, the speed limit being 35 miles per hour.

When the truck reached a point about 200 feet west of the intersection of Little York Road and De Priest Street in Houston, Texas, appellant Riles, who was driving it, put his arm out and began waving his hand, giving no distinct hand signal, according to appellee, but indicating alternately a right turn and a left turn, but not indicating he intended to stop. Appellee testified she saw appellant waiving his hand and thereupon took her foot off the gas and slowed down to about 30 miles per hour. Some distance before reaching the intersection, appellant's rear stop light came on, indicating the driver had applied his brakes, whereupon appellee immediately applied her brakes. Her car skidded on the wet, muddy pavement some 60 feet over-all, or about 44 feet, and struck the rear of the truck which had come to a stop or was nearly stopped. The collision, according to the traffic officer who investigated, was some 45 feet west of the intersection. Appellee testified that it occurred in front of the second house from the corner, which would have placed it farther back. There were no traffic controls at the intersection, other than stop signs controlling traffic moving in either direction on De Priest Street into Little York Road.

To special issues submitted, the jury found that appellee, Edith Reichardt, did not fail to keep a proper lookout; was not driving at an excessive rate of speed under the circumstances; did not fail to make timely application of her brakes; was not

following too closely; was not guilty of negligence in failing to turn to the left; and was not guilty of negligence in failing to turn right. The jury also found that appellants' vehicle was not in a position of peril, but that appellee was acting under a sudden emergency and acted prudently when faced therewith, and that such sudden emergency was not the sole proximate cause of the collision.

In answer to defense issues the jury found that appellant, Howard Riles, stopped the truck before reaching the center of the intersection where he intended to turn, and that in doing so he failed to use due care, and such failure was a proximate cause of the collision; that he failed to give a proper hand signal of his intention to stop and his failure to do so was negligence, but such negligence was not a proximate cause of the collision; that he failed to keep a proper lookout for appellees' vehicle and that such failure was a proximate cause of the collision. The jury also found that appellants were engaged in a joint enterprise upon the occasion in question. Special issues were submitted inquiring as to whether appellants sustained any physical injuries as a result of the collision, to which the jury answered in the negative as to each of them. The general damage issue and the issue on medical expense as to each appellant were answered "none."

Appellants contend that the trial court erred in refusing to grant a new trial because the findings of the jury to the issues inquiring as to negligence on the part of appellee, which were all answered in the negative, are not supported by any evidence and are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. We have carefully read the statement of facts, and are unable to say that the negative findings of the jury to the issues with respect to negligence on the part of appellee find no support in the evidence or that they are, with the exception of the finding with respect to following too closely, so against the great

weight and preponderance of the evidence as to be manifestly wrong and unjust.

The finding of the jury, that appellees' car was not following the truck too closely, has given us grave concern. Appellee testified at one place that she was following the truck about one car length behind it. At another time she testified that there was room between her car and the truck for a car to pass her and drive in between her car and the truck, and that such distance was the length of the car anyway. At another point she testified that the distance between her car and the truck was the length of the courtroom in which the case was being tried, and was every bit the length of the bar of the jury box. Appellant Smither was asked: "About how far back did you first see Mrs. Reichardt's car?" and answered, "Better than 50 feet, at least."

It is true that the instant case is distinguishable from most of the cases relied upon by appellants. In this case there is no evidence that the lead vehicle had slowed down or stopped in obedience to a red traffic control light or stop sign, or in a line of traffic that had come to a stop, or that the driver of the trailing car had not kept a proper lookout or had failed to apply her brakes. The undisputed evidence is that appellee was watching the truck at all times; that when the driver of the truck began waving his hand, appellee took her foot off of the gas and began slowing down; and that both vehicles were going at approximately the same speed. There is also evidence that no hand stop signal was given by the truck driver; that the hand signals that he did give were confusing and indicated a right or left turn into De Priest Street; that appellee applied her brakes immediately upon the truck's stop light coming on; and that the truck stopped quickly, but without skidding, whereas appellees' car upon application of the brakes skidded about 44 feet on the road which, at such point, was wet, muddy and slippery.

We have concluded, however, that under the attendant circumstances, including the wet pavement, the speed at which appellee was driving, and the signals visible to appellee indicating that the driver of the truck was slowing down and would likely make either a right turn or a left turn into De Priest Street, or stop before making a turn, the finding of the jury that appellee was not following too closely is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. Edwards v. Hawkins, Tex.Civ.App., 77 S.W.2d 1098; Sutherland v. Cotter, Tex. Civ.App., 226 S.W.2d 476; Miller v. Wagoner, Tex.Civ.App., 356 S.W.2d 363.

Appellants next complain that the findings of the jury with respect to negligence on the part of appellant Riles are not supported by any evidence and are against the great weight and preponderance of the evidence. The jury found that appellant Riles failed to keep a proper lookout for the automobile of appellee at the time and on the occasion in question. Applying the test enunciated by the court in In re King's Estate, 150 Tex. 662, 244 S.W. 2d 660, we have concluded that this finding and also the finding of the jury to the proximate cause issue based thereon, are not so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust.

Riles testified that he didn't know Mrs. Reichardt was behind him before she collided with the truck; that he didn't see her car at any time before he stopped to make his turn; and that he didn't know whether or not he looked in his rear view mirror to check the traffic behind him. Appellants take the position that the driver of the lead car is not required to keep a lookout for traffic that may be following or trailing. Of course, the driver of the lead car cannot maintain a continuous lookout to the rear as he must necessarily be looking ahead and watching for traffic not only ahead but traffic that might be coming in from side streets. It is our view, however,

that in any situation where the lead vehicle, as in this case, stops quickly when not in obedience to a traffic control device, or when not in a line of traffic, the driver thereof has the duty of maintaining such proper lookout for trailing vehicles as will enable him to give their drivers a timely and intelligible signal of his intended movement in order to avoid a collision.

In Le Sage v. Smith, Tex.Civ.App., 145 S.W.2d 308, writ dism., judgment cor., relied upon by appellants, the court announced not only the general rule that the driver of a vehicle is under no duty to maintain a lookout for vehicles approaching from the rear, but also the following exception:

"* * * unless the driver of such car either slows down his vehicle or intends to stop the same, under which circumstances, or either of them, it would be the driver's duty to keep a proper lookout for vehicles following such car and to then give a proper signal to apprise the driver of the car in the rear of such intention."

In the case at bar, the evidence is undisputed that appellant Riles kept no lookout whatever to the rear. There is also ample evidence that he gave no intelligible hand signal of his intention to stop or to slow down, although it is undisputed that he intended to slow down and make a lefthand turn into De Priest Street, and that he did in fact stop or practically come to a stop at least 45 feet from the intersection where he intended to turn to the left. The fact that the truck's stop light came on when appellant Riles applied his brakes did not relieve him of the duty of maintaining a proper lookout to the rear, which, if maintained, would have apprised him of the close proximity of appellees' car, and probably would have enabled him to avoid the collision. Jones v. Downey, Tex.Civ.App., 359 S.W.2d 116; Deal v. McLeroy, Tex.Civ. App., 346 S.W.2d 934.

The following language of the court in Scott v. McElroy, Tex.Civ.App., 361 S.W.

2d 432, writ ref., n. r. e., is applicable to the present case:

"This is not a case in which the lead driver slowed down or stopped because his travel was impeded by traffic, LeSage v. Smith, Tex.Civ.App., 145 S.W. 2d 308; nor is it one in which the driver stopped in obedience to traffic signals or traffic controls. Kuykendall v. Doose, Tex.Civ.App., 260 S.W.2d 435; Bass v. Stockton, Tex.Civ.App., 236 S.W.2d 229. A lookout to the rear is not required in those cases, but LeSage v. Smith, supra, states the exception to that general rule. When one in a stream of traffic slows his vehicle, or stops it, or changes his course, a duty arises to see what is behind when he makes the change."

Appellants contend that the finding of the jury that Riles was negligent in failing to bring his vehicle to a stop before reaching the center of the intersection where he intended to turn to the left, and also the findings of negligence and proximate cause predicated thereupon, are not supported by any evidence and are against the great weight and preponderance of the evidence. In view of our holding with respect to contributory negligence on the part of the driver of the truck in failing to keep a proper lookout, we think it will serve no useful purpose to consider these assignments of error.

■ We overrule appellants' points that the finding of the jury that Riles and Smither were engaged in a joint enterprise is not supported by any evidence and is against the great weight and preponderance of the evidence. Appellants have not briefed such points, and hence have waived them. Doherty v. San Augustine Independent School Dist., Tex.Civ.App.1944, 178 S.W.2d 866, writ ref.; Rayburn v. Giles, Tex.Civ.App.1944, 182 S.W.2d 9, writ ref.; Rule 418, Texas Rules of Civil Procedure. Although not required to do so, we have considered such points and find no merit in them.

We also overrule appellants' contention that the finding by the jury that Smither sustained no injuries or damages is not supported by any evidence and is against the great weight and preponderance of the evidence. We think the jury's findings are amply supported by the evidence.

In view of our holding with respect to contributory negligence on the part of appellant Riles, we find it unnecessary to decide whether or not the finding that he sustained no injury or damages is against the great weight and preponderance of the evidence. In the case of Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W. 2d 334, our Supreme Court held that the issue of damage becomes immaterial after a jury finding of contributory negligence which proximately caused the collision. There is nothing in the record to indicate that the jury's verdict was based upon bias or prejudice.

Judgment affirmed.