**N. A. ZALTA et ux., Appellants,**

v.

**HOUSTON TRANSIT COMPANY et al.,**
Appellees.

No. 14423.

Court of Civil Appeals of Texas.
Houston.
Dec. 10, 1964.

Fulbright, Crooker, Freeman, Bates & Jaworski, Blake Tartt and Tom Connally, Houston, for appellants.

Wyatt H. Heard and Michael S. Moehlman, Houston, and Baker, Botts, Shepherd & Coates, Houston, of counsel.

COLEMAN, Justice.

This is a suit for damages for injuries sustained in an automobile-bus collision. Based on jury findings of primary negligence and contributory negligence, a judgment was rendered for the defendant.

On October 15, 1960, at about 5:00 p. m. during the evening rush hour, appellant was driving her automobile in a westerly direction in the curb lane on the four-lane Capitol Avenue bridge in downtown Houston. The street was 44 feet in width and was dry. There was a line of vehicles in the inner west-bound lane extending back from a traffic light where Capitol Avenue turns into Memorial Drive. The cars near the light were stopped. There were no cars ahead of appellant's car in the curb lane. Appellee's bus was following appellant's car at a distance variously estimated as 20 to 50 feet. The car and the bus were traveling at about the same speed, estimated as between 10 and 30 miles per hour. The curb lane of Capitol Avenue turns in the direction of a police station and is not controlled by the traffic light.

As appellant neared the center of the bridge, she veered toward the center lane for the purpose of changing lanes at which time a truck ahead of her, but in the lane next to the centerline, stopped, and appellant then made an abrupt stop. Appellee bus driver applied his brakes, but failed to stop before hitting appellant's car with enough force to propel it into the truck ahead of her. After the collision the bus was about one foot from the right curb of Capitol Avenue.

In making this summary of the evidence only that testimony supporting the judgment is considered where conflicts occur.

The jury found that the bus driver was negligent "in failing to properly retard his forward motion," and that such negligence was a proximate cause of the collision. The jury also found that appellant failed to keep a proper lookout and that such negligence was a proximate cause of the collision. The jury found that appellant brought her car to a sudden stop, but failed to find this action constituted negligence. In answer to other issues, the jury failed to find that the bus driver was following too closely, or that appellant drove her car from the curb lane into the lane next to the center line without first ascertaining whether such movement could be made with safety. The jury also answered, "We do not" to an issue inquir-

ing whether appellant brought her automobile to a stop partly in the center lane and partly in the curb lane.

The trial court refused to sustain appellant's motion to disregard the answers of the jury to the "look-out" issues. In this motion appellant pointed up her contentions that there was no duty to maintain a look-out to the rear under the circumstances and that there was no evidence to sustain the finding that the failure to keep a proper look-out was a proximate cause of the collision. These points are also found in the amended motion for new trial. In the amended motion appellant also presented her contention that the evidence was insufficient to sustain the jury's answers to the two look-out issues and that those answers were contrary to the great weight and preponderance of the evidence. These points are properly preserved under the tests set out by Chief Justice Robert W. Calvert in his article, "No Evidence and Insufficient Evidence Points of Error," 38 Texas Law Review, p. 361 et seq.

Appellant testified that she did not look in her rear-view mirror and did not see the bus prior to the collision. There was evidence that she swerved to her left to enter the line of traffic nearest the center line of the street, and that at the time of this maneuver the first few cars in that line of traffic had already stopped for the traffic light and the other cars were pulling to a stop. Because there was not sufficient room for her to enter the line of traffic, she was forced to make an abrupt stop without being able to clear the curb lane.

■■■ The jury could have concluded from the evidence in the record that had appellant been keeping a proper look-out to the front, she would have realized that she would not be able to enter the lane of traffic next to the center line and that had she not attempted this change of course, it would not have been necessary for her to make the abrupt stop. It might, also, have reasoned that, having turned to the left, at the time the truck stopped, appellant was in a position such that she necessarily had to stop abruptly to avoid a collision with the truck, and, therefore, was not negligent in stopping. If her non-negligent stop was a cause in fact of the collision and the stop was made necessary by her negligent failure to maintain a proper look-out, that negligence was a proximate cause of the collision. Edwards v. Houston Transit Co., Tex. Civ.App., 342 S.W.2d 787, error ref., n. r. e.

■■■ Before appellant attempted to turn her automobile to the left, she was under the duty to look to the rear to ascertain whether the movement could be made safely. Langham v. Talbott, Tex.Civ. App., 211 S.W.2d 987, writ ref., n. r. e.; Beasley v. Baker, Tex.Civ.App., 333 S.W.2d 212; Jones v. Downey, Tex.Civ.App., 359 S.W.2d 116, writ ref., n. r. e.; Scott v. Mc-Elroy, Tex.Civ.App., 361 S.W.2d 432, writ ref., n. r. e. The answer made by the jury that appellant's failure to keep a proper look-out to the rear was negligence is supported by evidence having probative force. A more difficult question arises when determining whether such negligence was a proximate cause of the collision. The jury found that the bus was not following too closely and, under the testimony of the bus driver, the bus was about 50 feet behind appellant. The jury also found that the bus driver's failure to properly retard the forward progress of the bus was a proximate cause of the collsion. While there may be more than one proximate cause of an event, this finding must mean that there would have been no collision had the bus been stopped properly. The term "proximate cause" was defined by the trial court in his charge:

"By the term 'proximate cause', as used in this charge, is meant a cause which in a natural and continuous sequence, unbroken by any new and independent cause, produces an event and without which the event would not have occurred; and to be a proximate cause

of an event, it should have been reasonably anticipated and foreseen by a person of ordinary care, and prudence, in the exercise of ordinary care, that the event or some similar event would occur as a natural and probable consequence. There may be more than one proximate cause of an event."

From the jury verdict and the evidence, it is evident that once appellant had begun her turn to the left she was in a position where she had to stop suddenly. There is no reasonable connection between the stop and her failure to look to the rear unless the jury believed that she had looked to the front and realized that she might not be able to break into the line of traffic to her left, but, nevertheless, drove in that direction, knowing that she might be required to stop suddenly. Under such circumstances it reasonably might have been anticipated that one following at a safe distance would fail to stop in time to avoid a collision. It would be reasonable to assume that a person of ordinary prudence, in the exercise of ordinary care would not have pursued such a course had he known that a bus followed him at a distance of some 20 to 50 feet.

One driving during the peak hours of metropolitan traffic may well find it necessary to change traffic lanes quickly, and sudden stops in the relatively slow moving lines of traffic are commonplace, but these matters only point up the necessity for extra vigilance while driving under such conditions. The jury has found both parties to this collision negligent. Our examination of the evidence convinces us that such findings were fully supported by competent evidence.

In view of our disposition of this case, it is not necessary to discuss appellee's cross-point of error.

The judgment of the trial court is affirmed.

Affirmed.