**Robert C. BERRY, Appellant,**

v.

**SUNSHINE LAUNDRIES & DRY CLEAN-ING CORPORATION, Appellee.**

**No. 14344.**

Court of Civil Appeals of Texas.

San Antonio.

Feb. 17, 1965.

Rehearing Denied March 17, 1965.

Green, Green & Wiley, Preston H. Dial, Jr., San Antonio, for appellant.

Moursund, Ball & Bergstrom, San Antonio, for appellee.

BARROW, Justice.

This is an appeal from a take-nothing judgment entered on the jury verdict in a suit for damages allegedly incurred when an automobile operated by appellant, Robert C. Berry, was struck from the rear by a delivery truck operated by Rudy Gomez in the scope of his employment for appellee, Sunshine Laundries & Dry Cleaning Corporation. The jury found Gomez failed to have the truck under proper control and failed to keep a proper lookout and that each of these acts of primary negligence was a proximate cause of the collision. The judgment was entered upon the finding of contributory negligence that Berry failed to keep a proper lookout and that this failure was a proximate cause of the collision.

Appellant attacks these findings as not being supported by any evidence, and in the alternative as being so contrary to the great weight and preponderance of the evidence as to be clearly wrong. He also urges that under the undisputed evidence he owed no legal duty to keep a lookout to the rear. Appellant complains also of the jury finding that he is not entitled to anything for doc-

tor bills and medical expenses which he will in all reasonable probability incur in the future as a proximate result of the injuries sustained in the collision.

The collision occurred about 10:00 A.M. on July 9, 1962, in the middle of the 2100 block of N. St. Mary's Street in the City of San Antonio. This street is approximately thirty feet wide and carries two-way traffic. Appellant was proceeding south and was going to turn into the private driveway of the City Lumber Company, which is about the center of the block. He stopped behind another vehicle which was also going to turn left when northbound traffic permitted. After the first vehicle moved to the left, but while appellant's vehicle was still stopped, it was struck from the rear by appellee's southbound truck.

■ Appellant urges that his stopping was under compulsion because the lead vehicle stopped, and that therefore no duty of lookout was required. See Kuykendall v. Doose, Tex.Civ.App., 260 S.W.2d 435, wr. ref., n. r. e.; Bass v. Stockton, Tex. Civ.App., 236 S.W.2d 229, no wr. hist. In those cases the driver of the lead car stopped at an intersection pursuant to a traffic control. Here, however, appellant stopped in the center of the block of a city street in order to enter a private driveway. He could have passed the stopped car to the right if he had not desired to turn. In this situation appellant had a duty to keep a lookout to the rear.

The applicable rule was recently stated by this Court in Scott v. McElroy, Tex.Civ. App., 361 S.W.2d 432, wr. ref., n. r. e., as follows: "When one in a stream of traffic slows his vehicle, or stops it, or changes his course, a duty arises to see what is behind when he makes the change." See also Dallas Transit Co. v. Young, Tex.Civ.App., 370 S.W.2d 6, wr. ref., n. r. e.; Riles v. Reichardt, Tex.Civ.App., 366 S.W.2d 655, no wr. hist.; Jones v. Downey, Tex.Civ. App., 359 S.W.2d 116, wr. ref., n. r. e.

■ It is a settled rule that proper lookout is ordinarily a fact question. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273; Texas & Pac. Ry. Co. v. Day, 145 Tex. 277, 197 S.W.2d 332; Griffith v. Hudspeth, Tex. Civ.App., 378 S.W.2d 153, no wr. hist. There was nothing which would have prevented appellant from seeing appellee's truck for at least a block before the collision. He did not recall looking to the rear and testified that the first he knew of the danger of a collision was when he heard brakes squealing just before his car was struck. Appellant's testimony, together with the physical facts, supports the jury finding that he failed to keep a proper lookout. From an examination of the entire record, we cannot say that this finding is so contrary to the preponderance of the evidence as to be clearly wrong.

The question of proximate cause presents a more difficult question. Appellant urges that there was nothing he could do to avoid the collision. He testified that he was giving a left turn signal with his light indicator, and Gomez admitted that he saw appellant's brake lights. The jury found that appellant did not fail to give a signal of his intention to stop. The jury apparently concluded, however, that the first vehicle had moved a sufficient distance for appellant to have moved forward or to the left and avoided the collision.

The police officer testified that the point of impact was six feet east of the west curb line of the street. The right rear of appellant's southbound vehicle was struck by the left front of the truck. Appellant demonstrated the position of the first vehicle at the time of the collision, by means of models of cars on a plat. The police officer also used this method of demonstrating the position of the vehicles at the point of impact. These demonstrations, although in the presence of the jury, have not been brought forward in the record. We cannot say from the entire record before us that the finding that appellant's failure to keep a proper lookout was a proximate cause of

the collision is so contrary to the preponderance of the evidence as to be manifestly unjust. Zalta v. Houston Transit Co., Tex. Civ.App., 384 S.W.2d 914; Scott v. McElroy, supra; Jones v. Downey, supra; Womacks v. Horne, Tex.Civ.App., 300 S.W. 2d 765.

In view of this finding of contributory negligence proximately causing the collision, appellant's point regarding the sufficiency of the evidence on the issue of future medical expenses is immaterial. Rule 434, Texas Rules of Civil Procedure; Valdez v. Yellow Cab Co., Tex.Civ.App., 260 S.W.2d 715, no wr. hist.

The judgment is affirmed.