**Joe C. POTTER et ux., Appellants,**

**v.**

**LONGHORN SERVICE & DRILLING COMPANY, a co-partnership et al., Appellees.**

**No. 5790.**

Court of Civil Appeals of Texas.

El Paso.

Nov. 30, 1966.

Rehearing Denied March 8, 1967.

Don M. Nugent, Kermit, Max E. Ramsey, Andrews, for appellants.

John R. Lee, Finley & Scogin, Kermit, Shafer, Gilliland, Davis, Bunton & McCollum, Odessa, for appellees.

OPINION

FRASER, Chief Justice.

This is an appeal from a judgment entered in the District Court of Winkler County, Texas. The case involved a collision between plaintiff-appellant, Mrs. Sarah Jo Potter, who is joined in this case by her husband, Joe C. Potter, and defend-Bobby D. Crawford who, it is claimed, is one of the members of a co-partnership known as the Longhorn Service & Drilling

Company. It is alleged that the car driven by Mr. Crawford, while on official business for the company, was in collision with the one driven by Mrs. Sarah Jo Potter. The accident happened December 13, 1963, a few (about five) miles out of Kermit, Texas on the highway known as the Kermit-Jal Highway. The collision is alleged to have happened as the car driven by appellant was making a right turn off the main highway to go into the area occupied and known as the El Paso Natural Gas Main Line Camp, which is about six miles north of Kermit on the said highway. The left front portion of Mr. Crawford's car apparently struck the rear end of Mrs. Potter's car.

The jury, in answer to special issues, found that the defendant-driver did not follow the plaintiff-driver too closely; that the defendant-driver failed to timely apply brakes in order to avoid collision, but that such was not negligence; that defendant-driver failed to keep a proper lookout, but that such was not negligence; that defendant-driver was not driving at an excessive speed and that plaintiff's damages were $20,000.00. In answer to the defense issues the jury found that the plaintiff-driver had failed to keep a proper lookout and that such was a proximate cause (the definition of "proper lookout" included the element of negligence); that the accident was not unavoidable; that plaintiff-driver failed to signal her intention to make a right turn; that such was negligence and a proximate cause of the collision; and lastly, the jury found that the defendant-driver was acting in an emergency. The record does not contain the testimony of any eye witnesses to the collision except the parties involved, and of course their testimony differed and was conflicting in some major matters. Based on these findings the court rendered judgment for defendant-appellees.

Appellants have set forth seven points of error, their brief stating that "The evidence in this case is wholly insufficient to support the verdict of the jury; that the verdict, examined one issue at a time and

as a whole, is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust." Further, "In view of the fact that virtually every point of error Appellant complains of is based on sufficient supporting evidence, the Appellant will submit its analysis and argument from the standpoint of the evidence as a whole * * *" It should be noted that although appellants' first three points complain of matters relating to the court's charge, these points are not discussed other than as indicated above by the language in appellants' brief. Plaintiffs did not move for instructed verdict or judgment N.O.V., and did not file any motion to disregard a jury finding.

In pursuance of the language in appellants' brief and the reasons set forth therein, we have considered the entire case as a whole, which means that we have considered all the evidence as it applies to the entire case and to each point of error as raised by appellants.

It is uncontested that there are only two drivers involved in this collision. There are no passengers involved and the record does not contain the testimony of any eye witness, but contains only the testimony of the plaintiff, defendant-driver Crawford, the doctor, and the husband of the plaintiff. There are exhibits consisting of pictures taken some time after the collision, presumably not earlier than the next day, as it was dark at the time of the accident, and the pictures are obviously taken in good daylight. Also, there are statements from doctors and bills for various types of medication.

Viewing this matter as a whole, as briefed and requested by the plaintiffs, it appears that the plaintiff-driver claims she was on her way to the turn-off and had just turned in, at or near the cattleguard, when she felt her car hit and propelled across the cattleguard. She says that at one time prior to the collision, she did notice a light in her rear-vision mirror and formed the impression that whoever it was was going at

a "tremendous" rate of speed and in her mind must have been in a big hurry. She further says that as was her custom when her car arrived opposite a certain roadway sign, she turned on her blinker signal for a right-hand turn; that this had always been her habit and that she did so on the night of the accident. She also claims that she checked the blinker on her car immediately after the accident and that it was still working. Appellee Crawford testified that he was traveling this same highway on his way to a drilling rig operated by the appellees here, when he saw the appellant's car in front of him and, although he "showered down" on his brakes, he felt that he would not be able to miss hitting the car driven by appellant, so he concluded that because of an oncoming car, he would try to go around plaintiff to the right. He further testified that he did not see her give any hand or visual signal, and that her turning to the right without any signal to him caused his car to collide with the rear end of plaintiff's car. So the testimony of the two drivers is in sharp conflict. Mr. Joe C. Potter, husband of the plaintiff-driver, testified that he went out on the main highway on the morning after the accident and found two sets of skid marks, one 90 and the other 40 steps away from the turnoff.

Although appellants complain of the jury's answers to many of their issues, claiming that they were not supported by sufficient evidence, we feel this case must be affirmed because, on the defensive issues, the jury convicts Mrs. Potter of contributory negligence in that she did not keep a proper lookout and that she did not signal her intention to make a right-hand turn. The jury also found that both of these matters were negligent and a proximate cause of the collision; and finally, the jury found that the defendant-driver was acting in an emergency. We believe that the answers to Issues 17, 18, 19 and 20 are all sufficiently supported in the evidence. Issue 17 relates to plaintiff's failure to signal an intention to turn. Issues 18

and 19 deal with negligence and proximate cause, and Issue 20 asks if the defendant-driver was acting in an emergency. It is true that the only evidence to support the jury's answers to these issues comes from appellee Crawford, but it was obviously believed and taken as true by the jury. We have a conflict here with the evidence, and sharp disagreement, with the jury finding on behalf of the defendant. The jury apparently believed Mr. Crawford's testimony that he suddenly saw the car driven by Mrs. Potter in front of him, and that after trying to apply his brakes, realized that he could not stop in time, but would have to—as he said—ease around her on the right-hand side because of an oncoming car on the left side of the highway. Therefore, the jury convicted Mrs. Potter of contributory negligence and found that the defendant-driver was confronted with a sudden emergency. Regardless of how strong or how weak the evidence may be with respect to the other issues, we are constrained to hold that the jury's answers to Issues 17, 18 and 19 are decisive of the case, as it is elementary that a plaintiff must be free from contributory negligence in order to recover. It is true, as stated above, that the evidence here comes only from the parties, but this is often true. It has been held that failure to give an appropriate signal for turn or stop can be contributory negligence. Riles v. Reichardt, Tex.Civ.App., 366 S.W.2d 655. In the case of Lovell v. Stanford, Tex., 386 S.W.2d 755 (which concerned a three-car rear-end collision on a freeway), the Supreme Court reversed both the lower courts, stating: "It was error for the trial court to fail to submit to the jury issues inquiring as to the negligence of each of the defendants, and if such negligence, if any, was a proximate cause of the injury and damages suffered by the plaintiffs." Chief Justice Calvert was joined by Justices Smith and Norvell in his concurrence wherein they agree with the majority holding, but believe that the only matter requiring submission to the jury was that of proximate cause. It will be noted that this decision by the Supreme Court reverses the

Court of Civil Appeals opinion which was cited and relied upon in appellants' brief.

Therefore, it seems clear that we must hold that there was sufficent supporting evidence to warrant the submission of Issues 17, 18, 19 and 20, and to support and substantiate the jury's answers thereto. This being true, the appellants could not recover, regardless of the answers to any of the other issues, because of the finding of contributory negligence, decisive and terminal in nature.

Accordingly, all of the appellants' points are overruled and the judgment of the trial court affirmed.