**Winfred M. SPENCER, Individually and as next friend of Marsha Diana Spencer, a minor, Appellant,**

**v.**

**Roger JERNIGAN, a minor, Appellee.**

**No. 8193.**

Court of Civil Appeals of Texas, Texarkana.

Feb. 19, 1974.

Errol N. Friedman, Harkness, Friedman & Kusin, Texarkana, for appellant.

Nicholas H. Patton, Young & Patton, Texarkana, Ark., for appellee.

CORNELIUS, Justice.

This is a suit to recover damages allegedly resulting from a collision in which the automobile driven by the plaintiff Spencer was struck in the rear by the automobile being driven by the defendant Jernigan. The parties will be referred to as in the trial court.

In answers to special issues the jury found that the defendant was negligent and that his negligence was a proximate cause of the collision, but it also convicted plaintiff of several acts of contributory negligence constituting proximate cause. Among these were findings that plaintiff failed to keep a proper lookout to the rear and that such failure was a proximate cause of the collision. In the first seven points of error, plaintiff urges that these two findings have no evidence to support them, or are supported by insufficient evidence, or are so against the great weight and preponderance of the evidence as to be manifestly wrong.

Plaintiff was traveling on Highway 82 in Bowie County, Texas, returning from a race. She intended to turn to her right onto FM Road 2148 at its intersection with Highway 82. The defendant, who was returning from the same race, was following the plaintiff's automobile closely. Upon approaching the intersection the plaintiff slowed down, gave a right turn signal, and turned onto FM Road No. 2148. The defendant also intended to turn onto FM Road 2148 and he continued to follow plaintiff as she made her turn. When turning onto FM Road 2148 from Highway 82, one is almost immediately confronted with a railroad crossing. As plaintiff was completing her turn onto FM Road 2148 she stopped, or "practically stopped" for the railroad crossing, and defendant's automobile struck the rear of her automobile. There was no stop sign at the railroad crossing and no train was in view. The view of the track is unobstructed for a considerable distance in both directions.

The initial questions to be decided are, under the evidence here, did the plaintiff have a duty to keep a proper lookout to the rear, and if so, could her failure to do so be a proximate cause of the collision?

Ordinarily a driver is under no duty to keep a proper lookout to the rear,

but is entitled to assume that the persons following will keep their automobiles sufficiently under control to avoid a rear-end collision. Solana v. Hill, 348 S.W.2d 481 (Tex.Civ.App. Eastland 1961, Ref'd, N.R. E.); LeSage v. Smith, 145 S.W.2d 308 (Tex.Civ.App. Fort Worth 1940, Dism'd, Judgm, Cor.). An exception to this rule is that when the lead driver does some act such as stopping, suddenly decelerating, or changing lanes of traffic, a duty arises to look to the rear for drivers who might be endangered by such action. Berry v. Sunshine Laundries & Dry Cleaning Corp., 387 S.W.2d 948 (Tex.Civ.App. San Antonio 1965, Ref'd, N.R.E.); Scott v. McElroy, 361 S.W.2d 432 (Tex.Civ.App. San Antonio 1962, Ref'd, N.R.E.); Jones v. Downey, 359 S.W.2d 116 (Tex.Civ.App. San Antonio 1962, Ref'd, N.R.E.); Riles v. Reichardt, 366 S.W.2d 655 (Tex.Civ.App. Houston, 1963 No writ); Dallas Transit Co. v. Young, 370 S.W.2d 6 (Tex.Civ.App. Dallas 1963, Ref'd, N.R.E.).

█ As there was no stop sign at the railroad crossing involved in this case, and the unobstructed view of the track showed no train approaching in hazardous proximity, the plaintiff was under no duty to stop prior to reaching the crossing. Missouri-Kansas-Texas Railroad Co. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931 (1956); McBeth v. Texas & Pacific Ry. Co., 414 S.W.2d 45 (Tex.Civ.App. Fort Worth 1967, Ref'd, N.R.E.); Art. 6701d, Sec. 86(d) and Sec. 87, Vernon's Ann. Texas St. Plaintiff was aware that the defendant had been following her closely. While plaintiff's caution in stopping, or "practically stopping" at the crossing even though not legally required to do so, might be commendable under ordinary circumstances, reasonable minds could have concluded under the circumstances of this case that the plaintiff had a duty to keep a lookout to the rear before doing so. Berry v. Sunshine Laundries & Dry Cleaning Corp., supra; Dallas Transit Co. v. Young, supra; Riles v. Reichardt, supra. Nevertheless, even if the jury was authorized to

find that a lookout was required, it still must be determined if the failure to keep such a lookout could have been a proximate cause of the collision.

█ Failure to keep a proper lookout cannot be proxmiate cause unless such a lookout would probably have enabled the parties to have avoided the collision. That is the reason why the failure of a motorist to keep a lookout to the rear is not proximate cause when that motorist is required to stop or is performing some lawful and necessary act where he could do nothing to avoid a collision, even if a proper lookout had been kept. Examples of these situations are found in the cases of Kirkpatrick v. Hurst, 472 S.W.2d 295 (Tex.Civ.App. Texarkana 1971); rev. other grnds, Tex., 484 S.W.2d 587; Kuykendall v. Doose, 260 S.W.2d 435 (Tex.Civ. App. Amarillo 1953, Ref'd, N.R.E.); Bass v. Stockton, 236 S.W.2d 229 (Tex.Civ.App. San Antonio 1951, no writ); Kerr v. Dildine, 410 S.W.2d 808 (Tex.Civ.App. Austin 1967, no writ); Wyatt v. Sears, Roebuck & Co., 480 S.W.2d 7 (Tex.Civ.App. Beaumont 1972, dism'd); and others where the courts have said that even had a proper lookout been kept, the victim could have done nothing to avoid a collision, but would only have seen the other party striking him. But these cases are distinguished from the case where the driver is about to do a voluntary act which a proper lookout to the rear would reveal to be dangerous, and where if the lookout had been kept, the driver probably would have avoided the danger, either by not doing the act or by taking other action which would prevent a collision. As pointed out in Riles v. Reichardt, supra, the lookout in such a case is that which, if maintiained, would apprise the motorist of the close proximity of the other automobile and probably would have enabled him to avoid the collision. Speaking of a motorist in an analogous situation, the court in Jones v. Downay, supra, said:

"He was under no compulsion to stop, he could have continued in the direction in which he was going and avoided being

struck in the rear, if he had kept a proper lookout to his rear."

See also Dallas Transit Co. v. Young, supra, and Berry v. Sunshine Laundries & Dry Cleaning Corporation, supra.

The cases cited by plaintiff under these points are distinguished for the reasons previously noted. Kirkpatrick v. Hurst, supra, is further distinguished because the crash there occurred on the highway as the victim was merely slowing and beginning to make a turn into her driveway. Here the collision occurred after the automobile had left Highway 82 and was completely on F.M. Road 2148, when the victim made a sudden stop or "practical" stop.

Although we might differ from the conclusions reached by the jury on these issues, under the evidence here reasonable minds could conclude that as the plaintiff was not required to stop, if she had kept a proper lookout she would have realized the danger of a collision and would have chosen not to stop at the railroad crossing, thus avoiding the collision. Under those circumstances, the failure to keep such lookout could have been a proximate cause of the collision. Points of error 1 through 7 are respectfully overruled.

The same evidence and reasoning support the other jury answers which found that plaintiff allowed her automobile to "stand or remain" in the lane of traffic, and that she "decreased the speed of and stopped her vehicle when other vehicles were in her lane of traffic," and that these acts were negligence and proximate cause. Since plaintiff was not required to stop her vehicle at the railroad crossing, the jury was authorized under the evidence to find that the stopping of the automobile and its "standing," however briefly, in the lane of traffic under the circumstances existing at the time, constituted acts of contributory negligence having the necessary foreseeability and causal relationship to defeat plaintiff's right to recover. Plaintiff's points complaining of these answers as being without support in the evidence, and

as being supported by insufficient evidence, and as being against the great weight and preponderance of the evidence are likewise overruled.

In view of the findings of plaintiff's contributory negligence proximately causing the collision, plaintiff's points of error complaining of the jury findings that plaintiff suffered no injury and no damages become immaterial.

The judgment of the trial court is affirmed.