

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-23-00272-CV
_____

ROBBIE WENNERMARK, APPELLANT

V.

FELECITA QUINTANILLA, APPELLEE

On Appeal from the County Court At Law No. 10
Bexar County, Texas
Trial Court No. 2017CV03548, Honorable David Rodriguez, Presiding

June 13, 2024

MEMORANDUM OPINION[1]

Before QUINN, C. J., and PARKER and DOSS, JJ.

Robbie Wennermark challenges the trial court's order granting the no-evidence motion for summary judgment filed by Felecita Quintanilla. We affirm.

***Background***

In April 2016, a chain-reaction accident involving seven vehicles occurred on Route 281 in San Antonio, Texas. Due to traffic in front of her caused by an accident across the highway, Smith in vehicle one stopped on the road. Quintanilla, the driver of

_____

[1] Because this appeal was transferred from the Fourth Court of Appeals, we apply its precedent should it conflict with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

vehicle two, then hit Smith. Evidence was mixed as to whether Quintanilla had stopped before striking Smith or whether she struck Smith without first stopping. Nevertheless, Sanabria in vehicle three struck Quintanilla from behind.[2] Drivers in vehicles four, five and six, (Duarte, Bhachawat, and Wennermark, respectively) succeeded in stopping behind Sanabria without striking anyone in front. Yet, seconds later, Spangler, in vehicle seven, failed to stop, and struck Wennermark. That forced Wennermark to hit Bhachawat, Bhachawat to hit Duarte, Duarte to hit Sanabria, Sanabria to hit Quintanilla, and Quintanilla to hit Smith a second time.

The collision resulted in a lawsuit between multiple parties. For our purposes, the aspect of the dispute before us is Wennermark's claim of negligence against Quintanilla. Quintanilla filed her no-evidence motion for summary judgment, contending that Wennermark had no evidence of either a breached duty or causation. The trial court granted that motion and severed the claim. Wennermark then appealed, asserting multiple issues. Only the first requires more than cursory discussion.

### Issue One

Via her first issue, Wennermark argues the trial court erred in granting summary judgment in Quintanilla's favor because she raised genuine issues of material fact concerning duty and causation. We overrule the issue.

To resolve the appeal, we turn the page to the year 1962 and a writing from the San Antonio Court of Appeals. The court told us at the time that a driver has no duty to "lookout to the rear" when 1) a lead driver slowed down or stopped because his travel was impeded by traffic or 2) the driver is stopped in obedience to traffic signals or traffic

---

[2] If Quintanilla had successfully stopped before striking Smith, then the impact from Sanabria's vehicle caused Quintanilla's vehicle to move forward and hit Smith.

controls. *Scott v. McElroy*, 361 S.W.2d 432, 434 (Tex. Civ. App.—San Antonio writ ref'd n.r.e.). On the other hand, "[w]hen one in a stream of traffic slows his vehicle, or stops it, or changes his course, a duty arises to see what is behind when he makes the change." *Id.* at 434-35; *accord, Berry v. Sunshine Laundries & Dry Cleaning Corp.*, 387 S.W.2d 948, 949 (Tex. Civ. App.—San Antonio 1965, writ ref'd n.r.e.) (same).

Irrespective of whether Quintanilla maintained a proper lookout viz-a-viz vehicles ahead of her (e.g., the Smith vehicle), it is undisputed that vehicles ahead of Smith and Quintanilla impeded forward progress. Thus, Smith, Quintanilla, and those behind them were forced to slow or stop as well. That scenario triggered the rule voiced in *Scott*; a driver has no duty to "lookout to the rear" when a lead driver slowed down or stopped because his travel was impeded by traffic. Thus, Quintanilla owed no duty to Wennermark who was several cars behind. Therefore, the trial court cannot be said to have erred in finding the absence of a duty.

Of further note is Wennermark's concession that she had come to a "complete stop and had been at a stop for a few seconds at least" before being struck from behind. Quintanilla did not strike her, rather, Spangler did. And, he so struck her because traffic had stopped in the lane ahead of him. In short, Wennermark successfully avoided a condition on the road created by either third parties ahead of Smith or Quintanilla striking Smith. Assuming *arguendo* the latter, Quintanilla was no longer traveling; she was no longer moving. Instead, her action resulted in the creation of a condition which others, i.e., Spangler, failed to observe or heed for whatever reason. It is that condition, i.e., vehicles stopped on the highway for whatever reason, that gave rise to Wennermark's being susceptible to collision from behind by Spangler.

3

Yet, the creation of a condition does not expose Quintanilla to liability for Spangler's failure to also stop. As recognized by our Supreme Court, "[l]egal cause is not established if the defendant's conduct . . . does no more than furnish the condition that makes the plaintiff's injury possible." *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 776 (Tex. 1995). The San Antonio Court of Appeals applied this principle in a scenario involving a motor vehicle collision where the decedent rear-ended a tractor trailer; the tractor trailer and other vehicles had stopped on the road way due to an earlier collision. *Bethke v. Munoz*, No. 04-12-00047-CV, 2012 Tex. App. LEXIS 10458, at *5 (Tex. App.—San Antonio Dec. 19, 2012, pet. denied) (mem. op.) (quoting *Union Pump Co.*, 898 S.W.2d at 776). Because the initial accident did no more than furnish the condition which made the decedent's injuries possible, the individual who caused the first accident was not the cause of the decedent's injuries. *Id.* at *7-8.

Here, all purported acts or omissions charged against Quintanilla, e.g., failure to keep a proper lookout, failure to operate her car in a reasonably safe manner, or speeding, had run their course. Others could and had stopped their progress on the road in response to them. What remained was the condition Quintanilla allegedly created, a condition that exposed Wennermark to injury by a third party who failed to stop as others did. This too permitted entry of summary judgment adverse to Wennemark on the basis of causation. *See Bell v. Campbell*, 434 S.W.2d 117, 122 (Tex. 1968) (involving successive motor vehicle accidents and finding the absence of causation because "[a]ll acts and omissions charged against respondents had run their course and were complete. Their negligence did not actively contribute in any way to the injuries involved

4

in this suit. It simply created a condition which attracted Payton, Bell, and Bransford to the scene, where they were injured by a third party").[3]

### Issues Two through Eight

Through Wennermark's final seven issues, we are asked to assess the accuracy of various findings of fact and conclusions of law entered by the trial court. The court entered them in support of its order granting summary judgment. Findings of fact and conclusions of law have no place in a summary judgment setting. *Tyson v. Freeman*, No. 04-16-00789-CV, 2017 Tex. App. LEXIS 11308, at *5 (Tex. App.—San Antonio Dec. 6, 2017, no pet.) (mem. op.) (quoting *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.,* 938 S.W.2d 440, 441 (Tex. 1997)); *accord*, *La Tour Condos., Inc. v. Keating*, No. 07-17-00201-CV, 2018 Tex. App. LEXIS 3012, at *5-6 (Tex. App.—Amarillo Apr. 27, 2018, no pet.) (mem. op.) (same). And, if entered, we disregard them. *La Tour Condos., Inc.*, 2018 Tex. App. LEXIS 3012, at *6. So, the findings and conclusions entered by the trial court at bar being irrelevant, we disregard them and overrule the issues involving them.

The order granting summary judgment is affirmed.

Brian Quinn
Chief Justice

---

[3] Quintanilla alluded to merely creating a condition in her motion for summary judgment. Indeed, she posited that "legal cause is not established if the defendant's conduct did no more than furnish the condition that made the plaintiff's injury possible." On appeal, though, Wennermark says little about this. Nor does she attempt to substantively explain why that rule was inapplicable. At best, she simply concludes that "not a large enough time lapse[d] to break the causal link in this multi-vehicle, chain reaction accident." Why her having enough time to stop and avoid the circumstances transpiring in front of her failed to attenuate, as a matter of law, the nexus ala *Union Pump*, *Bethke*, and authority alluded to in the motion for summary judgment went unmentioned. This too is fatal because her burden consisted of negating the legitimacy of all grounds upon which summary judgment could have been granted. *See Magness v. Baker*, No. 04-18-00716-CV, 2019 Tex. App. LEXIS 2862, at *9 (Tex. App.—San Antonio Apr. 10, 2019, no pet.) (mem. op.); *see also In re Est. of Taylor*, 07-23-00342-CV, 2024 Tex. App. LEXIS 1268, at *2 (Tex. App.—Amarillo Feb. 21, 2024, no pet.) (mem. op.).