**KUYKENDALL et al. v. DOOSE.**

No. 6314.

Court of Civil Appeals of Texas. Amarillo.
June 8, 1953.

Rehearing Denied Aug. 31, 1953.

---

Culton, Morgan, Britain & White, Amarillo (James C. Sanders, Amarillo, of counsel), for appellants.

Merchant & Fitzjarrald, Amarillo, for appellee.

PITTS, Chief Justice.

This appeal is from an automobile collision damage action in which judgment was rendered for plaintiff upon a jury verdict after disregarding certain jury findings on the grounds that they were not supported by the evidence. The collision occurred at the intersection of Northeast Sixth Avenue and North Fillmore Street in Amarillo, Texas, at about 3:30 o'clock p. m. on March 20, 1951, when a 1950 Chevrolet delivery truck owned by Wayne Kuykendall and being operated by his employee, Henry B. Shapley, ran into the rear end of a 1947 Oldsmobile owned by L. H. Doose and be-

ing operated by his wife, Mrs. Agnes Doose. By reason of alleged personal injuries sustained by his wife as a result of the collision, appellee, L. H. Doose, sued appellants, Kuykendall and Shapley, for personal damages in the sum of $25,000. Judgment was rendered as previously stated for appellee for the sum of $3,500 from which an appeal has been perfected.

The record reveals that the movement of traffic at the intersection where the collision occurred and at the street intersection one block south of the same was controlled by automatic traffic control light signals reflecting the usual colors of green, amber and red, signifying "Go", "Caution" and "Stop". On the occasion in question Mrs. Doose was operating her motor vehicle north on Fillmore Street with Shapley following her at a distance of 20 or 25 feet away. They had both previously observed a street signal light at the intersection of Northeast Fifth Avenue and North Fillmore Street only one block away and were both proceedng at a reasonable rate of speed to the next intersection where the collision occurred when Mrs. Doose stopped there at the change of a light signal and Shapley's motor vehicle ran into the rear end of the Doose automobile.

The jury found in answer to special issues submitted that appellant Shapley was guilty of negligence which proximately caused the collision in his failure to keep his motor vehicle under proper control, in his failure to apply his brakes at a sufficient distance from appellee's automobile to prevent the collision and in his failure to keep a proper lookout at the time and place of the collision. The jury also found that neither party was driving at an excessive rate of speed. It further found that Mrs. Agnes Doose had her motor vehicle under proper control and gave a proper signal before stopping at the street intersection. But the jury further found that Mrs. Agnes Doose failed to keep such lookout for vehicles following behind her as a person of ordinary care and prudence would have kept under the same or similar circumstances and that such failure on her part was a proximate cause of the collision. It further found that she stopped her motor vehicle at the intersection so suddenly as to constitute a hazard to approaching vehicles from the rear. However, it further found that such a sudden stop did not constitute negligence, but that such a sudden stop was a proximate cause of the collision. The jury was directed however to answer the latter issue on proximate cause only in the event it found the sudden stopping of her automobile constituted negligence, which it had not done. A proper issue on the question of unavoidable accident was requested by appellants but the trial court declined to submit an issue on such question.

■ Among other assignments of error presented appellants charged error was committed by the trial court as a result of its refusal to submit to the jury the issue of unavoidable accident. While an unavoidable accident is one caused without either party being guilty of negligence, no fixed rule applicable to all cases has ever been announced to determine whether or not the issue of unavoidable accident is raised. In order to determine whether or not such an issue is involved, the facts of each particular case must be examined with a view of ascertaining whether or not there is presented a theory under which the accident could have happened, notwithstanding all the parties to the transaction exercised the degree of care required by law. In examining the facts to determine such a question, the evidence must be construed in a light most favorable to the submission of the issue. Price v. Leon, Tex.Civ.App., 202 S.W.2d 309; Dallas Ry. & Terminal Co. v. Darden, Tex.Com.App., 38 S.W.2d 777.

■ Appellants pleaded unavoidable accident and in passing on the question here presented we must be mindful of the rules previously announced as well as the rules of law announced in the case of Humble Pipe Line Co. v. Kincaid, Tex.Civ. App., 19 S.W.2d 144, 148, writ refused, in the following language:

"It will not do to say, in support of the refusal to submit the issue of unavoidable accident, that the jury, having found that the collision proximate-

ly resulted from the negligent failure of the appellant's driver to stop his truck in time to avoid the accident, could or would not have found that the accident was unavoidable. For the jury may have felt that they were obliged to find a reason for the collision by means of some one of the issues submitted to them, and, being denied the privilege of finding it to have been unavoidable under the peculiar circumstances of the case, they may have hit upon the issue of failure to stop as the next most probable cause. It is the settled law of this state that a defendant is entitled to an affirmative submission to the jury of any fact or group of facts pleaded by him and supported by material evidence, which, if found true, would exculpate him from liability, and he may not be deprived of this right through an adverse finding upon some other issue the answer to which would render him liable. Dallas R. Co. v. Speer (Tex.Civ.App.) 299 S.W. 507; Northern Texas Traction Co. v. Woodall (Tex.Com.App.) 299 S.W. 220; Montrief [& Montrief] v. Bragg (Tex.Com.App.) 2 S.W.2d 276."

By reason of these rules of law cited, it is observed that a refusal to submit the issue of unavoidable accident is not rendered harmless by reason of jury findings to the effect that both parties involved in the collision were guilty of negligence which proximately caused the collision, as was so found by the jury in the case at bar. Neither would such refusal be rendered harmless by setting aside and disregarding the jury answers convicting appellee's wife of negligence that proximately caused the collision by reason of her failure to keep a proper lookout at the time and just prior thereto on the occasion in question. The question here presented is whether or not the evidence, when viewed in a light most favorable to the issue of unavoidable accident, presented a theory under which it could have been found by the jury that the collision was unavoidable.

Viewing the evidence in a light most favorable to the issue, it is revealed that both vehicles had observed the light signal at the previous street intersection about 300 feet from the point of collision and that both proceeded north toward the signal light in question at a reasonable speed rate while the signal light there was still green. The Doose car was in the lead, followed by Shapley at a distance of 20 or 25 feet. Mrs. Doose had observed the Shapley car following her through her rearview mirror when she was about the middle of the block between Fifth and Sixth Avenues or about 150 feet from the street intersection where the collision occurred, but she did not again look for the said car in her said mirror and did not see the Shapley car again until after the collision. Just as Mrs. Doose reached the street intersection the light changed to amber, but Shapley, failing to see any stop signal given by Mrs. Doose, thought she had time to cross the street before the light changed to red and he assumed she would do so. But she stopped her car so suddenly as to create a hazard for cars following her, contrary to Shapley's anticipation. After Shapley saw her sudden stop, he threw on his brakes and skidded his tires 6 to 10 feet in an effort to avoid the collision, but it occurred with a jolt that "popped" Mrs. Doose's neck and damaged the Doose car to the extent of an estimated cost of $28. As Mrs. Doose stopped, she put out her right arm for the safety of her 8 year old son riding in the front seat with her and in some manner injured her arm also. There is direct and positive evidence to the effect that Mrs. Agnes Doose, wife of appellee, immediately after the collision and while still at the scene thereof, said in the presence of Shapley, a Mr. Glass and probably an officer of the law, "that it looked to her like it was an unavoidable accident". Mrs. Doose testified she did not remember making such a statement but she might have.

■ According to the evidence presented, and particularly that previously herein recited, together with reasonable inferences that may have been drawn therefrom, it is our opinion that a theory was there presented that could have, under the rules of law previously cited, raised in the minds of the jury the issue of unavoidable accident. For these reasons we believe it was reversi-

438

ble error to refuse the requested issue on unavoidable accident. Rule 279, Texas Rules of Civil Procedure; Valley Film Service v. Cruz, Tex.Civ.App., 173 S.W.2d 952, and other authorities there cited.

After the jury verdict was returned, both parties moved for judgment based thereon. The trial court overruled appellants' motion for judgment but it sustained appellee's motion seeking to have set aside the jury findings to the effect that appellee's wife failed to keep a proper lookout on the occasion in question which failure proximately caused the collision and seeking further to have judgment rendered for appellee on the remainder of the jury verdict. In support of its action the trial court concluded that such findings were not supported by any evidence and they were therefore immaterial and should be disregarded. Such action by the trial court is challenged by appellants, who contend that the record reflects sufficient evidence to support such jury findings, which should not have been set aside and disregarded by the trial court.

Both parties cite and discuss at length the case of Bass v. Stockton, Tex.Civ.App., 236 S.W.2d 229, which case has no writ of error record, but it does present sound reasoning in a factual situation very similar to the one at bar. Appellee relies principally upon the Bass case to support his contentions here made while appellants seek to distinguish that case from the instant case. Appellants likewise cite cases that have to do with a driver keeping a proper lookout for vehicles approaching from the rear while operating a motor vehicle upon a public highway, especially when such a driver intends to slow down, stop or change his course. There is a distinction between these cited highway cases as well as the rules governing highway operations and the case at bar and the Bass case where the operators of motor vehicles, approaching a street intersection, are governed by traffic controlled light signals, which are not usually found on public highways. In the Bass case the court has given an able discussion of the law involved in that case and we think the same law is just as applicable to the facts here presented. We also think the court has there properly construed the law governing moving traffic at a street intersection controlled by traffic light signals. It is also our opinion that the facts in the case at bar are so similar to the facts in the Bass case that no material distinction can be made such as would change or vary the application of the rules of law to both cases. In the case at bar the jury found that Mrs. Doose was not travelling at an excessive rate of speed, that she had her car under proper control and that she did not fail to give a proper signal of her intention to stop. Mrs. Doose testified that as she approached the intersection, she knew the light would soon be changing and she slowed down before reaching the intersection. As the light changed, she gave an arm signal for stopping, stepped on her brakes and stopped. As she stopped she put out her right arm in front of her 8 year old son riding in the front seat with her to prevent him from falling forward, as had been her custom for many years when stopping her car with any of her small children riding in the front seat with her. The evidence revealed that her car had installed thereon two stop lights on the rear thereof that were in working order and each of them shined with a stop sign showing when the car brakes were applied. None of this evidence is controverted or denied. She had immediately previous to the collision observed appellants' car following her and she had a right to assume that the driver thereof was keeping a proper lookout and had his car under proper control. She had a right to stop at the street intersection on an amber light, as Shapley testified she did, if she thought she would not have time to clear the street intersection before the light changed to red. Such was so held in the Bass case and the court there further held that such a motor operator is not required to employ split-second timing in determining whether or not to cross the street intersection on the amber light. The court there likewise held that, under the circumstances there presented, a cautious person would stop on a yellow or amber light out of consideration for personal safety as well as to comply with the provisions of the law governing such a matter.

It is true that the jury found in the instant case that Mrs. Doose stopped so suddenly as to constitute a hazard to the vehicles approaching from the rear. But it likewise found that such a sudden stop did not constitute negligence on her part and the latter finding is not challenged by appellants.

It is our opinion that Mrs. Doose had a legal right, under the existing facts and circumstances, to stop her motor vehicle at the intersection even on an amber light and after having given a proper signal of her intentions so to do. We further conclude that there are no facts or circumstances that support the jury finding to the effect that Mrs. Doose did not keep a proper lookout for motor vehicles following her at the time and just prior to the collision. Assuming, however, that she did not keep a proper lookout, since she stopped her car in conformity with the provisions of the law governing such a matter after giving a proper signal of her intentions so to do, certainly the jury's answer to the issue on proximate cause is without support in the evidence. We find no fault with the action of the trial court in setting aside and disregarding the jury's answers to these two issues.

For the reasons stated, we overrule appellants' points of error seeking to have the trial court's judgment reversed and rendered but we sustain their point urging that its judgment should be reversed and the cause remanded.

Reversed and remanded.