**Tommy Lee BROCK et al., Appellants,**

**v.**

**Virginia BOSS et vir, Appellees.**

**No. 4611.**

Court of Civil Appeals of Texas.

Waco.

May 25, 1967.

Rehearing Denied June 15, 1967.

Baker, Botts, Shepherd & Coates, Robert J. Malinak, Houston, for appellants.

Robert J. Barr, Houston, for appellees.

McDONALD, Chief Justice.

## OPINION

This is an appeal by defendant from a judgment for plaintiff in a rear end collision case, in which judgment was rendered for plaintiff after disregarding two jury findings.

Plaintiff Boss was driving southeasterly on the Gulf Freeway Service Road. Defendant Brock was behind plaintiff. Plaintiff stopped at the traffic signal light at the Cullen Boulevard intersection at a time when the light was yellow. Defendant's car hit plaintiff's car in the rear, causing damage. The jury found defendant was following too closely, failed to keep a proper lookout; failed to make proper brake

application; all of which proximately caused plaintiff's damage of $4240.69. The jury further found in answer to Issues 9 and 10 that, "just before the collision plaintiff stopped her automobile more suddenly than it would have been stopped by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances," and that this was a proximate cause of the collision.

The trial court disregarded the answer to Issues 9 and 10, and entered judgment for plaintiff for $4240.69.

Defendant appeals, contending the trial court erred:

1) In disregarding the jury's findings to Issues 9 and 10 for the reason there was ample evidence to sustain same; and

2) In entering judgment for plaintiff because the finding against her of contributory negligence proximately causing the collision, bars her recovery.

Plaintiff was travelling on Gulf Freeway Service Road; defendant was behind plaintiff. Both cars were within the speed limit. Plaintiff stopped at the traffic light at Cullen Boulevard when the light was yellow. Defendant failed to stop and ran into the rear end of plaintiff's car. Defendant testified plaintiff was "almost on the intersection" when the light turned yellow and "he thought she would proceed through the yellow light, but she instead, brought her car to a sudden stop." Plaintiff was going no more than 30 mph initially; slowed down to 20, and then applied her brakes and stopped at the yellow light. The jury convicted defendant of several acts of negligence proximately causing the collision, and convicted plaintiff of negligence in stopping suddenly.

Under the facts, we think plaintiff had a legal right to stop her car when the traffic signal turned yellow. Article 6701d, Vernon's Ann.Tex.Civ.St. (Sec. 33) defines the yellow signal as the caution signal, and prohibits a car from proceeding on the red signal. Plaintiff stopped on the yellow signal—although defendant thought she would proceed through the light. In an analogous factual situation, Justice Norvell, in Bass v. Stockton, CCA (nwh) 236 S.W. 2d. 229, 231 says:

"It seems to us that in view of the wording of the statute, as well as for considerations of personal safety, a cautious person would stop on a yellow light, and evidence showing that a motorist did that and nothing more is insufficient to support a finding of negligence. The law does not require one to employ split-second timing in determining whether to cross a street intersection on a yellow light or not."

Such case further holds plaintiff in such situation violated no legal duty to defendant by stopping her automobile when the traffic light changed to yellow.

To the same effect is Kuykendall v. Doose, CCA (nre) 260 S.W.2d 435.

The trial court properly disregarded the findings in answer to Issues 9 and 10.

Defendant's points and contentions are overruled.

Affirmed.

WILSON, Justice (dissenting).

I dissent. The majority opinion is based on the theory that "plaintiff had a legal right to stop her car when the traffic signal turned yellow." Plaintiff's legal right to stop solves no question here. The question is not of her right to stop, but the manner of stopping. The question is whether there was any evidence of probative force to sustain the jury findings of negligence and

proximate cause as to the manner of stopping. There is. Neither the trial court nor we have authority to disregard that finding. The question is not one of how we would have found as members of a jury.

In Bass v. Stockton, Tex.Civ.App., 236 S.W.2d 229, no writ, cited by the majority, there was no jury finding as to the manner in which the lead car was stopped. The only question was sufficiency of evidence on the proper lookout finding against the driver of the lead car, and that dealt with lookout to the rear. It was held the evidence did not raise the issue. As to the mere fact of stopping, the court emphasized: "that and nothing more is insufficient to support a finding of negligence." Here there is more. There is a sudden stop from a speed of 30 miles per hour, right at the light, "almost on the intersection." The lead car was "almost on the light" when the driver "hit her brakes hard and came to a sudden stop."

In Kuykendall v. Doose, Tex.Civ.App., 260 S.W.2d 435, writ ref. n. r. e., the jury found the lead car was stopped so suddenly as to constitute a hazard to rear vehicles, but found the sudden stop was not negligence. Again the question was whether evidence supported a finding that the lead driver failed to keep a proper lookout to the rear. The present question was simply not in either case cited.

Here the jury found the lead car was stopped more suddenly than it should have been stopped in the exercise of ordinary care. To follow the majority reasoning would be to hold the lead car will invariably be free from negligence in stopping (regardless of the circumstances attending, and the manner of the stop) if there is an amber or yellow light.

When the evidence, including favorable circumstances and inferences sustaining the jury findings, is given effect and contrary evidence disregarded, as is required in this appeal, there is no authority to ignore the jury finding. I would reverse.