Lella NAVARRE, a Feme Sole, Appellant,

v.

AMERICAN BAKERIES COMPANY, Appellee.

No. 157.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Oct. 30, 1968.

Rehearing Denied Nov. 27, 1968.

material to this suit. Plaintiff's vehicle was the lead car, and she was struck from the rear by defendant's truck.

In response to special issues submitted, the jury found that the truck driver failed to keep a proper lookout which proximately caused the accident; that the truck was not following the Pontiac more closely than a person of ordinary prudence in the exercise of ordinary care would have followed under the same or similar circumstances; that the truck was not being operated at an excessive rate of speed; that the defendant truck driver did not fail to make a proper application of his brakes at the time; that plaintiff, Mrs. Navarre, did not stop her vehicle more suddenly than a person of ordinary prudence in the exercise of ordinary care under the circumstances would have stopped it; that Mrs. Navarre failed to give an appropriate signal to the driver of the vehicle immediately to her rear, of her intention to decrease her speed or stop and that such failure was a proximate cause of the accident. The jury found Mrs. Navarre's damages to be $5,333.72.

The jury having found contributory negligence on the part of Mrs. Navarre proximately causing the accident, the trial court rendered a take-nothing judgment on behalf of the defendants, Jarrell Mack Powell and American Bakeries Company, and it is from this judgment that Lelia Navarre has perfected her appeal.

Gordon J. Kroll, Eddington, Kroll, Friloux & Smith, Hellmut A. Erwing, Houston, for appellant.

Jonathan Day, Tom Alexander, Butler, Binion, Rice, Cook & Knapp, Houston, for appellee.

BARRON, Justice.

This action arose out of a rear-end automobile collision at a traffic-controlled intersection in the City of Houston on October 7, 1964. At the time of the accident plaintiff, Lelia Navarre, operating her 1959 two-door white Pontiac, and the American Bakeries Company delivery truck, a 1958 Ford panel truck, were both headed in a northerly direction on South Park Boulevard at the intersection of South Park and Holmes Road. The wide intersection is controlled by a traffic signal light. The collision occurred in the morning around 8:10 a. m. It was a clear day and the streets were dry. Defendant's truck was being operated at the time by Jerrell Mack Powell, who was an employee of American Bakeries Company, and who was within the scope of his employment at all times

Appellant contends that the jury's answers to special issues 11 and 12 dealing with Mrs. Navarre's failure to give an appropriate signal and proximate cause are each against the great weight and overwhelming proponderance of the evidence, and she further contends that the damages awarded were inadequate.

The material facts leading up to the collision are in serious dispute by the parties. At this point South Park is a level, paved roadway which has three lanes proceeding north, one of which is a special turnout lane for vehicles executing a left turn off

of South Park on to Holmes Road. The parties' vehicles were both in the far right lane next to the curb headed north on South Park. The intersection in issue is a "T" intersection in that Holmes deadends at South Park. Thus, at the time of the accident, traffic proceeding east on Holmes toward South Park had to turn either left or right on·to South Park. The light was functioning normally and properly. Upon his arrival at the scene of the accident, Officer Dulaney determined the position of the cars and knew that the cars had not been moved. The officer measured from the front of the truck to the back of appellant's car and found that the distance was 10 feet. He also measured the distance of appellant's vehicle up to the light and found that it was six feet. He did not recall any debris at the scene of the wreck. He found no skid marks from either vehicle involved in the collision. He did not remember asking appellant whether she stopped short of the intersection or whether she stopped after she got into the intersection. He did not remember asking appellant to step on her brakes to see if her brake lights came on, but the truck driver, Powell, testified that the officer did test the brake lights, and appellant's lights were not working. According to statements taken by the officer appellant maintained that she stopped at the red light where she was supposed to stop, and the truck hit her from the rear. The truck driver stated, "I was going north on South Park and saw a car in front of me had the caution light, and pushed a book back up on the dash, and when I looked up, she had stopped and I hit her." The truck driver stated that his speed was approximately 25 miles per hour at the time.

The appellant, Mrs. Lelia Navarre, testified that as she was headed down South Park the light at the intersection turned to caution. When the light turned yellow, she was about five or six car lengths from the intersection. At the time she put her hand out, took her foot off the accelerator and slowly pressed on the brakes, coming to a slow stop on red. At the time of the collision she stated that she was stopped still on the red light where she was required to stop. When Powell struck her car the impact knocked her car forward. Her brake lights were functioning properly before the accident, and as a result of getting hit, the trunk of appellant's car was bent, the chrome was bent, the right side of her car in the rear was damaged, and the right rear tail light was knocked out. After the collision, the truck driver told her, "I am sorry. My book fell off the dash in the floor, and I stooped to pick it up. The next thing I knew, I hit you."

Jarrell Mack Powell, the truck driver, stated that his truck was twenty to thirty feet from the intersection when his route book slid off the dashboard. At that time he took his foot off the gas pedal so that his speed diminished below 25 miles per hour. He diverted his eyes momentarily in order to catch the route book. Before his lookout was diverted, the light was green. When Mr. Powell looked up, his truck had reached the imaginary pedestrian crosswalk at the intersection. He expressly testified that when he first saw appellant's car, he was at the intersection, and he was approximately twenty feet behind the appellant's Pontiac at that time. At that time the light was yellow, or caution. He assumed or thought that the appellant was going to proceed totally across the intersection, but instead she brought her vehicle to a stop without giving any prior indication or signal of her intention to stop. He never "saw" appellant give any signal whatever. He stated that he applied his brakes as fast as he could get his foot on them, but that he was unable to avoid the accident. His truck "humped-dipped" down, and his front bumper struck the rear bumper of the Pontiac.

■ If appellant's car had been stopped where the statute says it should have been, before reaching the crosswalk or entering the intersection, we could agree with her contention that she ordinarily had a right,

as a matter of law, to stop on the yellow light. Under such circumstances the collision would clearly have been the fault of the rear driver in failing to keep a proper lookout under the circumstances, and a hand or vehicular lamp signal by the lead driver would have been unnecessary. Brock v. Boss, 416 S.W.2d 456 (Tex.Civ. App.), writ ref., n. r. e.; Bass v. Stockton, 236 S.W.2d 229 (Tex.Civ.App.), no writ hist.; Kuykendall v. Doose, 260 S.W.2d 435 (Tex.Civ.App.), writ ref., n. r. e.; Art. 6701d, Sec. 33, Vernon's Ann.Civ.St.

But after a careful examination of the record in this case, we believe that fact issues are raised and the evidence is sufficient to warrant the findings that appellant had crossed the crosswalk area and was well into the intersection on the yellow light when she came to a stop, and that she failed to give a signal, which was a proximate cause of the collision. We cannot say that we would have so found from the testimony, but we hold the evidence sufficient to support the findings. Continental Bus System, Inc. v. Biggers, 322 S.W.2d 1 (Tex.Civ.App.), writ ref., n. r. e. No issue was submitted inquiring whether the appellant had proceeded into the intersection on the yellow or amber light before she stopped. The trial court, however, is deemed to have made such finding referable to special issues 11' and 12 in such manner as to support the judgment. Rule 279, Texas Rules of Civil Procedure. This issue was omitted without request or objection. See Sinclair Refining Co. v. Winder, 340 S.W.2d 503 (Tex.Civ.App.), writ ref.

Article 6701d, Sec. 33(b) provides as follows:

"Yellow alone or 'Caution' when shown following the green or 'Go' signal.

"1. Vehicular traffic facing the signal is thereby warned that the red or 'Stop' signal will be exhibited immediately thereafter and such vehicular traffic shall not enter or be crossing the intersection when the red or 'Stop' signal is exhibited."

While we recognize that the driver of a vehicle has a right to stop on a yellow or caution signal ordinarily without being negligent, if he proceeds on a yellow light he must do so with caution, or at least he must exercise ordinary care in so proceeding. Both vehicles would be governed by the same yellow light. The test is whether the vehicle can clear the intersection with caution before the red light comes on. Bass v. Stockton, supra. The fact that the lead driver has entered an intersection may cause the rear driver to believe, and thus rely on the fact, that the lead driver intends to proceed across it. Entering the intersection and stopping therein causes the rear driver to be misled. Stopping in an intersection after exercising the right to proceed without giving a proper signal of his intention to stop may be negligence as to other vehicles.

We therefore hold that since the evidence is sufficient to show that the lead car driven by appellant proceeded into the intersection on a yellow or amber light, followed by appellee's vehicle, it was appellant's duty to exercise ordinary care, and the trial court did not err in submitting the issues of contributory negligence and proximate cause to the jury and in giving proper effect to the findings. Deal v. McLeroy, 346 S.W.2d 934 (Tex.Civ.App.), no writ hist.; Christensen v. Hennepin Transp. Co., 215 Minn. 394, 10 N.W.2d 406, 147 A.L.R. 945 (1959); Bernstein v. Crossman, 172 So.2d 462 (Fla.App. 1965); Amon v. Lockett, 66 Wash.2d 5, 400 P.2d 784 (1965).

The judgment of the trial court is affirmed.