J. G. COLOM, Appellant,

v.

Charles VITITOW et al., Appellees.

No. 174.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Nov. 20, 1968.

Rehearing Denied Dec. 18, 1968.

W. James Kronzer, Bob W. Young, Brown, Kronzer, Abraham, Watkins & Steely, Houston, for appellant.

John Mustachio, Howell E. Stone, Talbert, Giessel, Barnett & Stone, Houston, for appellees.

BARRON, Justice.

Appellant, J. G. Colom, filed this suit against Charles Vititow and Thomas Joe Cannon, appellees, to recover damages for personal injuries allegedly received by him on June 22, 1964, when Cannon, while in the course and scope of his employment for Charles Vititow, drove a GMC diesel truck into the rear of appellant's vehicle at a traffic controlled intersection.

In response to special issues submitted by the trial court, the jury found that Cannon was operating the truck at a greater rate of speed than he should have and that he failed to make a proper brake application, which were each found to be a proximate cause of the collision. The jury acquitted appellant of suddenly stopping his vehicle, but did find he failed to keep a proper lookout, and that such failure was a proximate cause of the collision. Damages were assessed at $1,500.00.

Appellees, Cannon and Vititow, then timely filed a "Motion for Entry of Judgment," in which they waived the answers of the jury to special issues 7 and 8 (the contributory negligence findings) and prayed that judgment be entered in favor of *plaintiff-appellant* for $1,500.00 according to a form of judgment simultaneously

submitted to the court by appellees. Over the specific objections and exceptions of appellant, the trial court entered the judgment in favor of Colom and against Cannon and Vititow. Colom, the plaintiff-appellant, timely filed motions for new trial on the grounds that the trial court entered judgment notwithstanding the verdict on his own motion, that the disregarding of special issues 7 and 8 was error because no proper motion was filed pursuant to Rule 301, Texas Rules of Civil Procedure, that appellant did not move for instructed verdict concerning liability; that it was error for the trial court to permit appellees to confess judgment after verdict, and that the findings of the jury as to damages in the sum of $1,500.00 were inadequate. The trial court overruled appellant's amended motion for new trial, and exception and notice of appeal were timely and duly made.

Immediately prior to the collision in question Colom was driving a small sports car, either a Volkswagen or a Karmann Ghia. He was approaching the intersection in question at a rate of 30 to 35 miles per hour on the North Loop in the City of Houston. He did not know that the truck was behind him. When he was six or seven car lengths from the intersection the light turned to amber, and he started slowing down and came to a complete stop. By the time he brought his vehicle to a stop the light had turned red. Eight to fifteen seconds later the truck hit him. He was about 300 feet from the intersection when he first observed that the light was green. He was about 75 to 80 feet from the intersection when the light changed to amber. He did not make a sudden stop, and he was completely stopped when he was hit. He heard a noise behind him and heard some brakes squealing. When he was hit by the truck his vehicle was knocked out into the intersection. The traffic was particularly heavy at the time. Mr. Colom got into the center lane of the North Loop and never once changed lanes. Cannon was also in the center lane

and trailed Colom continuously, and the two vehicles proceeded one behind the other for about two miles without event. They had stopped one behind the other at several red lights without event. The intersection site is on an incline, uphill from the east, and both parties had to drive uphill. Cannon was trailing about two car lengths behind when Colom began to brake. Cannon intended to stop himself, but he thought Colom would go across. When Cannon applied his brakes it was too late to stop without hitting the sports car. The cars flanking Colom proceeded across the intersection on the amber light, and Cannon could not swerve either right or left because the lanes were occupied. As Cannon approached the involved intersection he had noticed the existence of the traffic signal control for three or four blocks. He said he could have stopped if Colom's car had proceeded on through the light "like an ordinary driver would have."

The first question presented is whether the trial court had the power to disregard the jury's answer to special issues 7 and 8 on appellees' Motion to waive these two issues. There is no evidence in the record to support findings of negligence and proximate cause on the part of appellant in failing to keep a proper lookout. Appellant stopped his vehicle at the proper place and at the proper time when the light turned either yellow or red. Under the circumstances he had a clear right to stop. In Bass v. Stockton, 236 S.W.2d 229, 230–231 (Tex.Civ.App.), no writ hist., in an opinion by Justice Norvell, the court said:

"There is no circumstance here, other than the fact that Mrs. Bass stopped on a yellow light, which can be relied upon to support the finding that she failed to keep a proper lookout for the automobile following her. It was not shown that she was speeding immediately prior to arriving at the intersection, nor that she failed to signal her intention to stop.

She simply failed to run the yellow light as Stockton perhaps thought she would. It seems to us that in view of the wording of the statute, as well as for considerations of personal safety, a cautious person would stop on a yellow light, and evidence showing that a motorist did that and nothing more is insufficient to support a finding of negligence. The law does not require one to employ split-second timing in determining whether to cross a street intersection on a yellow light or not."

See also Brock v. Boss, 416 S.W.2d 456 (Tex.Civ.App.), writ ref., n. r. e.; Kuykendall v. Doose, 260 S.W.2d 435 (Tex. Civ.App.), writ ref., n. r. e.; Navarre v. American Bakeries Co., 434 S.W.2d 218 (Tex.Civ.App.), no writ hist. as yet; Art. 6701d, Sec. 33, Vernon's Ann.Tex.Civ.St. The lead driver is under no duty to keep a lookout for traffic which approaches from the rear if he stops his car properly for a signal light and before entering the intersection. An exception to the general rule is that a duty to look to the rear arises when the lead driver does something such as changing his lane or direction, stopping suddenly without cause to expect it or suddenly accelerating. Art. 6701d, Sec. 68, V.A.T.S.; Jones v. Downey, 359 S.W.2d 116 (Tex.Civ.App.), writ ref., n. r. e.; Berry v. Sunshine Laundries & Dry Cleaning Corp., 387 S.W.2d 948 (Tex.Civ.App.), writ ref., n. r. e.

■ There being no evidence to support the jury's findings of contributory negligence on the part of appellant, the trial court would have been empowered and authorized to disregard special issues 7 and 8 under Rule 301, T.R.C.P. This is true even though the movant (appellees) may have requested the submission of the special issues. This follows from the right of the party to urge for the first time after the verdict that special issues which he has requested were not raised by the evidence. Myers v. Crenshaw, 134 Tex.

500, 137 S.W.2d 7, 13 (1940), opinion adopted; Saper v. Rodgers, 418 S.W.2d 874, 877 (Tex.Civ.App.), writ ref., n. r. e. A portion of Rule 279, especially the last sentence thereof, has its source in former Art. 2190, and the origin of Rule 301 is former Art. 2211, V.A.T.S. The two rules must be read together. When so read they authorize the trial court, on sufficient motion of a party who has requested the submission of a special issue, to disregard the jury's finding in answer to the issue when the finding has no support in the evidence. See also, McDonald, Texas Civil Practice, Vol. 4, Sec. 1732(2), p. 1414; Collier v. Hill & Hill Exterminators, 322 S.W.2d 329, 332, 73 A.L.R.2d 1141 (Tex.Civ.App.), no writ hist. The true test as to whether the answers of a jury to special issues should be disregarded is whether there is any evidence to support the answers. Rule 301; Eubanks v. Winn, 420 S.W.2d 698, 701 (Tex.Sup.).

We are familiar with the rules announced by the Supreme Court in Eubanks v. Winn, supra. In that case a confession of liability was made by defendant over the objections of the plaintiffs after the jury verdict, in order to prevent the granting of a new trial. The court held that such confession of liability came too late. Moreover, the trial court in that case was not authorized to enter judgment under Rule 301, because there was evidence to support the answers to the material liability issues which the trial court disregarded. Here there is no such evidence to support special issues 7 and 8, and the trial court, on sufficient motion and notice, could have disregarded the issues.

Appellant contends that the Motion for Entry of Judgment filed by appellees is insufficient as a motion to disregard findings by the jury under Rule 301, T.R.C.P., and consequently the trial court had no power to disregard contributory negligence special issues 7 and 8 on grounds of no evidence. The motion relied upon by

appellees to warrant the trial court's disregarding of the issues is as follows:

"COMES NOW CHARLES VITITOW and THOMAS LEE CANNON, Defendants in the above entitled and numbered cause, *waiving* the answer of the Jury to Special Issue Number 7 and Special Issue Number 8 in the verdict heretofore rendered herein and move the Court to enter Judgment in accordance with proposed Judgment attached hereto; to-wit, that Plaintiff have and recover the sum of $1,500 of and from the Defendants in accordance with answer to Special Issues submitted by the Court upon the trial of the case during the week of 10 March 1968, which verdict was returned into Court upon the 21st day of March, A.D. 1968." (Emphasis added).

■ It is true that a motion to disregard one or more special issues is necessary, and the motion must be directed to the objectionable issues and point out the reason or reasons why they should be disregarded. This is clearly the meaning of Rule 301, T.R.C.P.; Christopherson v. Whittlesey, 197 S.W.2d 384 (Tex.Civ.App.), writ ref., n. r. e.; D-Bar Ranch v. Maxwell, 170 S.W.2d 303 (Tex.Civ.App.) writ ref., w. o. m.; Jinks v. Whitaker, 195 S.W.2d 814, 817 (Tex.Civ.App.), writ ref., n. r. e. at 145 Tex. 318, 198 S.W.2d 85; McDonald, Texas Civil Practice, Vol. 4, Sec. 17.32, p. 1415; Texas Employers' Ins. Ass'n v. Collins, 321 S.W.2d 119, 121 (Tex.Civ.App.), writ ref., n. r. e.

■ We cannot construe the Motion for Entry of Judgment above as a sufficient motion to disregard findings of the jury under Rule 301 on grounds of no evidence. Rather appellees' above motion is a voluntary waiver of jury findings 7 and 8 without regard for the state of the evidence, as was the judgment entered by the trial court. At this stage of the proceeding a party cannot *waive* material special issues, unless there is no evidence to support them or unless they are immaterial. Eubanks v. Winn, supra. The motion must be sufficient to invoke the jurisdiction of the court for the exercise of its power to disregard findings. The motion must apprise the trial court and opposing party of the grounds therefor, and must sufficiently disclose its nature. There is nothing in the motion to show that appellees relied upon the grounds of no evidence to support the jury findings, and we therefore hold that the trial court erred in disregarding the special issues on grounds of waiver. Hines v. Parks, 128 Tex. 289, 96 S.W.2d 970, 972, opinion adopted; Insurors Indemnity & Ins. Co. v. Associated Indemnity Corp., 139 Tex. 286, 162 S.W.2d 666, 670 (Tex.Sup.); Edmiston v. Texas & N.O.R. Co., 135 Tex. 67, 138 S.W.2d 526, opinion adopted; Jinks v. Whitaker, supra. Also see International Business Machines Corp. v. Pearsall, 422 S.W.2d 797, 801 (Tex.Civ.App.), writ ref., n. r. e.; Beal v. Great American Indemnity Co., 322 S.W.2d 399, 402 (Tex.Civ.App.), no writ hist.

For the reasons stated and in the interest of justice, the judgment of the trial court is set aside, and the case is remanded to the trial court for entry of a proper judgment just as though no judgment whatever had been entered. See Insurors Indemnity & Ins. Co. v. Associated Indemnity Corp., supra, 162 S.W.2d, p. 671; Eubanks v. Winn, supra, 420 S.W.2d, p. 702, Syl. 7; Rule 434, T.R.C.P.; London Terrace v. McAlister, 142 Tex. 608, 180 S.W.2d 619 (Tex.Sup.).

Reversed and remanded.