Lawrence E. **WRIGHT**, Appellant,

v.

Chester **MODDRELL**, Appellee.

No. 7577.

Court of Civil Appeals of Texas, Beaumont.

May 16, 1974.

Motion for Rehearing Overruled June 6, 1974.

Stanley M. Kaufman, Dallas, for appellant.

Joe Colbert, Austin, for appellee.

DIES, Chief Justice.

This is a rear-end automobile collision case. Plaintiff, below, was driving the lead car and was struck from the rear by an automobile driven by defendant below. Trial was to a jury which found defendant negligent but also found that plaintiff failed to keep a proper lookout to the rear and that this was a proximate cause of the collision. The trial court sustained plaintiff's motion to disregard these findings (as being supported by no evidence) and entered judgment for plaintiff in the amount of $1,227.00, from which defendant has appealed.

The trial court is authorized to disregard these findings only if they have no support in the evidence. Rule 301, Texas Rules of Civil Procedure, Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958). So, in this review we search this partial record to ascertain if there is any evidence of probative force to support the jury findings disregarded by the trial court.

In rush hour traffic, plaintiff was behind a large truck on Airport Boulevard in the City of Austin. Plaintiff's car was small, and he couldn't see the traffic signal above the truck height. When he could see, it was on yellow. The truck went on through; plaintiff stopped and was struck from behind by defendant. Plaintiff says he may have stopped a little more abrupt than usual, but it wasn't an emergency stop. He admitted that as he approached the intersection he did not look into the rear-view mirror and did not see defendant.

Defendant admitted the light was red before the accident occurred but contended plaintiff should have gone through the yellow light because "[t]hat's just a caution light." He described plaintiff's stop as "a

little creeping stop." He saw plaintiff's rear stop lights come on.

We feel constrained to follow the late, great Judge Norvell in Bass v. Stockton, 236 S.W.2d 229, 230 (Tex.Civ.App., San Antonio, 1951, no writ) where he wrote:

"There is no circumstance here, other than the fact that Mrs. Bass stopped on a yellow light, which can be relied upon to support the finding that she failed to keep a *proper lookout* for the automobile following her. It was not shown that she was speeding immediately prior to arriving at the intersection, nor that she failed to signal her intention to stop. She simply failed to run the yellow light as Stockton perhaps thought she would. It seems to us that in view of the wording of the statute, as well as for considerations of personal safety, a cautious person would stop on a yellow light, and evidence showing that a motorist did that and nothing more is insufficient to support a finding of negligence. The law does not require one to employ split-second timing in determining whether to cross a street intersection on a yellow light or not.

"It seems that Mrs. Bass' omission, if any, was in failing to observe the Stockton car in her rear vision mirror. Since she stopped her car in conformity with the provisions of the law and it was not shown that she failed to give a proper signal to the car following her, it is clear that the jury's answer to the proximate cause issue is likewise without sufficient support in the evidence."

See also Colom v. Vititow, 435 S. W.2d 187 (Tex.Civ.App. Houston—14 Dist., 1968, error ref. n. r. e.); Kuykendall v. Doose, 260 S.W.2d 435 (Tex.Civ.App., Amarillo, 1953, error ref. n. r. e.); Yellow Cab Company v. Davila, 454 S.W2.d 266 (Tex.Civ.App., Amarillo, 1970, error ref. n. r. e.); Art. 6701d, § 33, Vernon's Ann.Civ. St. To hold otherwise would require motorists to proceed on a yellow light or face possible conviction of contributory negligence. We regard this as being unwise. The trial court's judgment is affirmed.

Affirmed.